IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORETTA ANN LOZANO,

    Plaintiff,

v.                                              Civ. No. 19-130 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social
Security Administration*,

    Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A), With Supporting Memorandum. *Doc. 32*. Plaintiff seeks an award of $22,500.00 in attorney's fees. *Id.* at 1. The Commissioner takes no position on Plaintiff's request. *Id.* at 5. Having reviewed the motion and being otherwise fully advised in the premises, the Court finds the motion well-taken and GRANTS it.

    **I.**     **BACKGROUND**

Plaintiff filed her initial application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on April 30, 2012, alleging disability beginning June 1, 2010. Administrative Record ("AR") at 10. After the Administrative Law Judge ("ALJ") and Social Security Appeals Council denied Plaintiff

benefits on June 26, 2014, and August 12, 2015, respectively, AR at 1, 7, Plaintiff filed suit in this Court on August 25, 2015. Complaint at 1, *Lozano v. Colvin*, No. 15-cv-750-LF (D.N.M. Aug. 25, 2015). The Court granted Plaintiff's motion to remand her case to the Social Security Administration ("SSA") on November 21, 2016. Memorandum Opinion and Order at 1, *Lozano v. Colvin*, Case No. 15-cv-750-LF (D.N.M. Nov. 21, 2016). The Court also granted the parties' joint motion for an award of $6,300.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on January 11, 2017. Order Granting the Parties' Stipulated Motion for Award of Attorneys Fees Pursuant to the EAJA at 1, *Lozano v. Colvin*, Case No. 15-cv-750-LF (D.N.M. Jan. 11, 2017).

After the ALJ and Social Security Appeals Council denied Plaintiff's benefits for a second time on March 19, 2018, and December 28, 2018, respectively, AR at 593, 600, Plaintiff again filed suit in this Court on February 15, 2019, *doc. 1*. On December 12, 2019, the Court remanded the case to the SSA, *doc. 27*, and awarded Plaintiff's attorney $6,940.00 in EAJA fees, *doc. 30*. On November 20, 2022, the SSA awarded Plaintiff past-due benefits totaling $148,468.00, of which $37,117.00 was withheld by the agency for the purpose of paying attorney fees. *Doc. 32-3 at 1-2*.

In the present motion, Plaintiff asks the Court to award Plaintiff's attorney, Francesca J. MacDowell, a fee of $22,500.00, which is approximately 15% of Plaintiff's total past-due benefits. *Doc. 32 at 1*. Ms. MacDowell represented Plaintiff before this Court in both of Plaintiff's appeals from the SSA decisions. *Id*.

**II.     STANDARD OF REVIEW**

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[1]  Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).  Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *McGraw*, 450 F.3d at 498.

Fee awards under § 406(b) are governed by two conditions: a 25 percent cap and a reasonableness standard.  First, the Court may not award fees "in excess of 25 percent of the total of the past-due benefits" owed to Plaintiff as a result of the favorable judgment by the SSA.  42 U.S.C. § 406(b)(1)(A).  This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."  *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).  Second, the Court may only award fees which are "reasonable."  42 U.S.C. § 406(b)(1)(A).  Plaintiff's attorney has the burden of showing "that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S.

---

[1] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).  Plaintiff's attorney has indicated that she will refund both EAJA awards to Plaintiff if the Court grants the Plaintiff's motion for attorney fees under § 406(b).  *Doc. 32* at 5.

at 807. Although the standard for fee awards under § 406(b) does not "displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases." *Id.*

A Court's reasonableness determination of a fee award is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citation omitted). In making such a determination, a court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case such that a large award would create a "windfall" for the attorney. *Id*. (citations omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808.

III.   ANALYSIS

The Court finds that the requested fee award meets the requirements of § 406(b)(1)(A). First, the requested award is approximately 15 percent of Plaintiff's past-due benefits, a value which is well below the 25 percent threshold imposed by § 406(b). Second, the Court finds the requested fee award to be reasonable under the *Gisbrecht*

4

factors. Ms. MacDowell's representation of Plaintiff was not substandard. She obtained two favorable outcomes for Plaintiff before this Court which ultimately led to an award of past-due benefits for Plaintiff of $148,468.00. *See doc. 32* at 1; *doc. 32-3* at 2. Further, Ms. MacDowell did not cause any unreasonable delay in the resolution of this case. Ms. MacDowell did not request any deadline extensions in Plaintiff's first case before this Court, *see* Case No. 15-cv-750-LF, *docs. 22, 23*, and she requested only one two-month extension in Plaintiff's second case, *see doc. 18*. In addition, Ms. MacDowell filed her request for attorney fees in just over two weeks after Plaintiff received her award of past-due benefits from the SSA. *See doc. 32; doc. 32-3* at 1.

Finally, Ms. MacDowell's requested fee award is not disproportionately large in comparison to the amount of time that she spent on the case. Ms. MacDowell requests $22,500.00 for 72.5 hours, which equals an hourly rate of $310.34. *Doc. 32* at 4. 72.5 hours is much higher than the average number of hours worked in similar cases in this district. *See Martinez v. Colvin*, 1:15-cv-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) ("Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours"). However, Ms. MacDowell represented Plaintiff in two separate proceedings which were conducted several years apart. *See doc. 32* at 1. The number of hours that Ms. MacDowell spent on each proceeding (37.5 hours and 35 hours, respectively), *see doc. 32-5* at 3; *doc. 32-6* at 2, falls within the typical 20-40 hour range seen in this Circuit. In addition, because Ms.

MacDowell's requested hourly rate is significantly below the rates often awarded in this district, s*ee Quezada v. Saul*, No. 1:17-CV-01163-LF, 2019 WL 7293402, at *4 (D.N.M. Dec. 30, 2019) (awarding fees commensurate with a rate of $690 per hour and citing cases awarding fees commensurate with rates of $645 to $700 per hour), Ms. MacDowell's request is on par with (or below) fee awards given to attorneys who worked many fewer hours and only represented their client in a single proceeding. *See, e.g., Valdez v. Saul*, No. CV 18-444 CG, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (awarding $22,497.13 for 28.6 hours); *Monger v. Colvin*, No. CIV 13-0156 JB/CG, 2016 WL 5402248, at *2-3 (awarding $25,947.00 for 38.55 hours). As a result, the Court finds that Ms. MacDowell's requested fee award is eminently reasonable in comparison to the amount of time she spent on the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion (*doc. 32*) is GRANTED. The Court hereby authorizes an award of $22,500.00 in attorney fees, to be paid to Plaintiff's attorney by the Commissioner from the funds withheld for this purpose. The Court further ORDERS that Plaintiff's attorney reimburse Plaintiff the combined EAJA awards ($13,240.00) pursuant to *Weakley v. Bowen.* 803 F.2d at 580.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**